**COMMONWEALTH OF KENTUCKY**
**WARREN CIRCUIT COURT**
**DIVISION 1**
**CIVIL ACTION NO. 22-CI-00482**

SANDRA BOLLENBECKER                                              PLAINTIFF

v.                          **REQUEST FOR ADMISSION**

DUNHAM'S ATHLEISURE CORPORATION                          DEFENDANT

*** *** *** ***

     Comes the Defendant, Dunham's Athleisure Corporation, by counsel, and for its Request

for Admission Propounded to the Plaintiff, Sandra Bollenbecker, states as follows:

     **REQUEST FOR ADMISSION NO. 1:**     Admit that the amount in controversy

involved in this lawsuit exceeds $75,000.

                 Respectfully submitted,

                 **KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
                 BB&T Plaza
                 200 West Vine Street, Suite 710
                 P.O. Box 499
                 Lexington, Kentucky 40588
                 Telephone:  (859) 255-6885
                 Facsimile:  (859) 253-9709

        By:     /s/***Christopher R. Jenkins***
                 CHRISTOPHER R. JENKINS
                 KBA NO. 82705
                 *Counsel for Dunham's Athleisure Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served on the Clerk of the Court via email upon the following parties on this the 18th day of May, 2022:

lmarley@forthepeople.com
Lauren Marley
Morgan & Morgan, Kentucky PLLC
360 East 8th Avenue, Suite 411
Bowling Green, KY  42101
*COUNSEL FOR PLAINTIFF*

/s/**Christopher R. Jenkins**
CHRISTOPHER R. JENKINS

COMMONWEALTH OF KENTUCKY
WARREN CIRCUIT COURT
CIVIL ACTION NO. 22-CI-00482
*Electronically Filed*

SANDRA BOLLENBECKER                                                    PLAINTIFF

v.

DUNHAM'S ATHLEISURE CORPORATION                                       DEFENDANT

---

### NOTICE OF SERVICE

---

Please take notice that on the 23rd day of May, 2022, Plaintiff served her response to Defendant's Request for Admission upon Defendant.

Respectfully submitted,

*/s/ Lauren Marley*
LAUREN MARLEY
Morgan & Morgan Kentucky, PLLC
360 E. 8th Avenue, Suite 411
Bowling Green, KY 42101
Phone: (270) 495-6798
Fax: (270) 495-6839
Email: lmarley@forthepeople.com
*Counsel for Plaintiff*

0B09553-B922-48D2-9A06-B25794565135 : 000001 of 000002

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was served via the court's e-filing system on this the 23rd day of May, 2022, upon the following:

Christopher R. Jenkins
Kriz, Jenkins, Prewitt & Jones, PSC
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, KY 40588
*Counsel for Defendant*

*/s/ Lauren Marley*
LAUREN MARLEY

0B09553-B922-48D2-9A06-B25794565135 : 000002 of 000002

**COMMONWEALTH OF KENTUCKY**
**WARREN CIRCUIT COURT**
**DIVISION 1**
**CIVIL ACTION NO. 22-CI-00482**

*Filed electronically*

SANDRA BOLLENBECKER                                              PLAINTIFF

v.                                      **ANSWER**

DUNHAM'S ATHLEISURE CORPORATION                        DEFENDANT

*** *** *** ***

Comes the Defendant, Dunham's Athleisure Corporation, by counsel, and for its Answer to Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which relief may be granted.

**SECOND DEFENSE**

1.      Paragraph 2 of the Complaint is admitted.

2.      Paragraph 3 is admitted to the extent it alleges that the Defendant operated a store at 2625 Scottsville Road, Bowling Green, KY. Because the remaining allegations of paragraph 3 are vague and subject to varying interpretations, the remaining allegations of paragraph 3 are denied.

3.      Paragraph 7 is admitted to the extent it is alleged that the Defendant had a duty to maintain the premises in a reasonably safe condition.  Paragraph 7 is denied to the extent it

alleges that the Defendant failed to comply with said duty or that it was required to do so through "their respective agents, ostensible agents, employees and other representatives," an allegation that is vague and subject to varying interpretations. Paragraph 7 is also denied to the extent it makes any allegation beyond what has been specifically admitted herein.

4.    The Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in paragraphs 1, 4, and 9 and therefore deny same.

5.    The Defendant denies the allegations contained in Paragraphs 5, 6, 8, 10, and 11 (and its subparts).

6.    The Defendant denies each and every allegation of the Complaint, including the prayer for relief, not specifically admitted herein.

## THIRD DEFENSE

To the extent it is determined that the damages claimed by the Plaintiff, if any, were caused by the sole or partial negligence of the Plaintiff, the Defendant relies on and pleads as an affirmative defense the comparative negligence of the Plaintiff as a complete or partial bar to the Plaintiff's claims.

## FOURTH DEFENSE

To the extent it is determined that the damages claimed by the Plaintiff, if any, were caused by superseding and/or intervening causes not within the control of the Defendant, the Defendant relies upon same as a defense to this action.

## FIFTH DEFENSE

To the extent it is determined that the damages claimed by the Plaintiff, if any, were caused or brought about by the acts of a negligent person or persons not party to this suit, if any there were, the Defendant relies upon same as a bar to the Plaintiff's recovery and further relies upon the Plaintiff's failure to join an indispensable party or parties as an affirmative defense to this case.

## SIXTH DEFENSE

The Defendant denies and raises as an affirmative defense the allegation that the Plaintiff is entitled to prejudgment interest.

## SEVENTH DEFENSE

The Defendant reserves the right to raise the statute of limitations as a complete and total defense to the claims of the Plaintiff.

## EIGHT DEFENSE

The Defendant reserves the right to raise failure to mitigate damages as an affirmative defense to the claims of the Plaintiff.

## NINTH DEFENSE

The Defendant reserves the right to raise the provisions of <u>KRS 411.182</u> et seq. as affirmative defenses to the claims of the Plaintiff.

WHEREFORE, based on the foregoing, the Defendant, Dunham's Athleisure Corporation, respectfully requests the Court to dismiss the Complaint of the Plaintiff, that she recover nothing thereby, and for TRIAL BY JURY, for costs herein expended, and for any and all other relief to which this Defendant appears properly entitled.

Respectfully submitted,

**KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, Kentucky 40588
Telephone:  (859) 255-6885
Facsimile:  (859) 253-9709


By:      /s/*Christopher R. Jenkins*
         CHRISTOPHER R. JENKINS
         KBA NO. 82705
         *Counsel for Dunham's Athleisure Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served on the Clerk of the Court via Courtnet upon the following parties on this the 18th day of May, 2022:

lmarley@forthepeople.com
Lauren Marley
Morgan & Morgan, Kentucky PLLC
360 East 8th Avenue, Suite 411
Bowling Green, KY  42101
*COUNSEL FOR PLAINTIFF*


                   /s/*Christopher R. Jenkins*
                   CHRISTOPHER R. JENKINS

**COMMONWEALTH OF KENTUCKY**
**WARREN CIRCUIT COURT**
**DIVISION 1**
**CIVIL ACTION NO. 22-CI-00482**

SANDRA BOLLENBECKER                                               PLAINTIFF

v.          <u>**INTERROGATORIES AND REQUEST FOR PRODUCTION**</u>
          <u>**OF DOCUMENTS PROPOUNDED TO PLAINTIFF**</u>

DUNHAM'S ATHLEISURE CORPORATION                          DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, Dunham's Athleisure Corporation, by counsel, by counsel, pursuant to CR 33, propounds the following interrogatories to the Plaintiff, Sandra Bollenbecker. Each interrogatory shall be answered separately and fully in writing and under oath, unless it is objected to, in which event the reasons for objection shall be in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The answers and objections, if any, will be served within 30 days of service of these Interrogatories. CR 26.05 imposes upon the Plaintiff a duty seasonably to supplement his/her response with respect to any question directly addressed to (i) the identity and location of persons having knowledge of discoverable matters, and (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected testify, and the substance of his/her testimony. The Plaintiff is also under a duty seasonably to amend a prior response if he/she obtains information upon the basis of which (i) he/she knows that the response was incorrect when made, or (ii) he/she knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

**INTERROGATORY NO. 1:**  State your full legal name, other names by which you are known i.e. nicknames used in place of legal name or aliases, residential address, social security number, date of birth, gender, and the names and addresses of any individuals who assisted you in the preparation of these answers.

**INTERROGATORY NO. 2:**  State the name, last known address, present whereabouts and place of employment of each person believed by you or anyone acting on your behalf to:

(a)     Have been an eyewitness to the incident alleged in the Complaint?

(b)     Have been within sight or hearing of the incident alleged in the Complaint?

(c)     Have firsthand knowledge of the facts and circumstances of the incident alleged in the Complaint or of the events leading up to or following it?

(d)     Have any knowledge of relevant conditions at the scene of the incident alleged in the Complaint existing prior to, during and after the same?

**INTERROGATORY NO. 3:**  Are you or your attorney aware of the existence of any written or recorded statement made by or for any party or witness?  If so, please state:

(a)     The name of each person making the statement;

(b)     The date of the statement; and

(c)     The name and last known address of the person now in possession of the original statement or a copy of it.

**INTERROGATORY NO. 4:**  Were any photographs taken of the scene or of any object or person involved in the incident alleged in the Complaint?  If so, please state:

(a)     The dates on which each photograph was taken; and

(b)     The name and address of the person who now has custody of the photographs.

**INTERROGATORY NO. 5:**  Were any tests, inspections or measurements made or taken with respect to the scene or any object involved in the incident alleged in the Complaint? If so, please state:

  (a)  The name and address of the person who conducted each test, inspection or measurement;

  (b)  The date on which each test, inspection or measurement was performed; and

  (c)  The name and address of the person now having custody of any written report concerning each test, inspection or measurement.

**INTERROGATORY NO. 6:**  With respect to all witnesses whom you will or may call as experts to give opinion testimony in the trial of this matter, state the following:

  (a)  Name and address;

  (b)  Name and address of the employer or the organization with which he is associated in any professional capacity;

  (c)  The field in which he is to be offered as an expert;

  (d)  A summary of his qualifications within the field in which he is expected to testify;

  (e)  The substance of the facts to which he is expected to testify;

  (f)  The substance of the opinions to which he is expected to testify and a summary of the grounds for each opinion; and

  (g)  The date of all reports rendered by such experts, by whom prepared and in whose custody at present.

**INTERROGATORY NO. 7:**  State the name and address of each and every person or organization with whom or by whom you were employed during the last ten years, and for each such employment, state:

  (a)  The dates of such employment;

  (b)  The salary or wages received; and

  (c)  A brief description of the nature and extent of the duties.

**INTERROGATORY NO. 8:**  Have you received any state and/or federal benefits or insurance benefits, including workers' compensation benefits, Social Security benefits, Medicaid, Medicare, health insurance benefits, short-term disability, and long-term disability, or any other governmental or insurance benefit as a result of the incident alleged in the Complaint?  If so, identify:

(a)     The state/federal agency and/or insurance company providing said benefits;

(b)     The type of benefits received;

(c)     The address and telephone number of the insurance company providing benefits;

(d)     The amount of the benefit and whether said benefit was paid by the week, biweekly, monthly, etc.;

(e)     The group number, member number, policy number and any other identifying information associated with the policy from which benefits were paid;

(f)     The dates payments began and ended; and

(g)     The total amount which has been paid to date.


**INTERROGATORY NO. 9:**  Please state the names and addresses of each physician, surgeon or other medical practitioner consulted by the Plaintiff during his or her lifetime, including those physicians, surgeons or other medical practitioners consulted for the injuries allegedly received in this accident.  As to each physician, surgeon or other medical practitioner, please state:

(a)     The dates upon which treatment or examination was rendered; and

(b)     A brief description of the injury or illness which necessitated the treatment or examinations.


**INTERROGATORY NO. 10:**  Please state the names and addresses of any and all hospitals, clinics, nursing homes or other health care facilities at which or through which the Plaintiff has received any treatment, therapy or other medical attention during his or her lifetime, including those hospitals, clinics or other health care facilities at which or through which the

Plaintiff has received treatment for the injuries allegedly received in this accident.  As to each such facility, please state:

    (a)     The dates of any such treatment; and

    (b)     A brief description of the injury or illness which necessitated the treatment.

**INTERROGATORY NO. 11:**  State in detail any and all injuries alleged to have been suffered by the Plaintiffs in the accident which is the subject matter of this litigation.

**INTERROGATORY NO. 12:**  Please state whether the Plaintiff has been a participant in any civil law suit other than the present law suit or in any Workers' Compensation proceeding in which they have claimed compensation for personal injuries or Workers' Compensation benefits.  If so, please state the style of the law suit or Workers' Compensation case, the case number, the court in which the case was pending and what injuries were claimed or involved.

**INTERROGATORY NO. 13:**  List in detail all items of damages claimed, including, but not limited to, medical expenses in the past, medical expenses in the future, lost wages, impairment or destruction of power to work and earn money, physical and mental pain and suffering past and future, and any and all other special damages sought in this action.  As to each such item of damage, state the method by which these amounts were computed.

**INTERROGATORY NO. 14:**  Identify the name, address, telephone number of every psychiatrist, psychologist, social worker, counselor, and/or any mental health professional you have seen within the last ten years, including those seen in relation to this accident.

**INTERROGATORY NO. 15:**  Identify the name, address, and telephone number of every witness whom you intend to call at trial, as well as provide a brief summary of that witness' expected testimony.

**INTERROGATORY NO. 16:**  Identify all exhibits you intend to introduce at trial.

**INTERROGATORY NO. 17:**  Please describe in detail how the accident which is the subject matter of your Complaint occurred, including the time and day in which you arrived at the premises, whether there was any alleged defect or hidden danger to the Defendant's property that caused the accident, stating in detail how the defect or hidden danger caused your fall.

**INTERROGATORY NO. 18:**  State whether Plaintiff is enrolled in Medicare, if so, please state the following:

    a.      Health Insurance Claim Number (HICN);

    b.      Date eligibility began;

    c.      Each and every Medicare program you participate in, i.e. Part A – Hospital insurance, Part B – Medical insurance, Part C – Medicare Advantage Plan coverage, or Part D – Prescription drug coverage;

    d.      Whether Medicare was involved in paying for any of the claimed medical care from the accident/incident alleged in your complaint;

    e.      Identify the name and addresses of any medical providers who's bills have been submitted to Medicare for payment, the dates of service associated with those bills, the treatment provided associated with those bills, and whether any outstanding lien, paid bills, or unpaid bills that may or may not have been submitted to Medicare.

**INTERROGATORY NO. 19:**  Has Plaintiff applied for social security disability benefits? If so, identify the following:

    a.      The date applied;

    b.      Whether the claim was denied and the date of that denial;

     c.       The reason for the denial stated by Social Security Administration.

     d.       Was the denial of benefits appealed?

     e.       The date of any such appeal.

     f.       Was the denial of benefits reversed?

**INTERROGATORY NO. 20:**  If Social Security Disability Insurance benefits were awarded:

     a.       The date of such award.

     b.       List the beginning date the Social Security Disability Insurance benefits covered;

     c.       List the period for which such benefits were paid;

     d.       The injury claimed that resulted in the award.

     e.       The date the injury occurred for which the SSDI was awarded.

**INTERROGATORY NO. 21:**  Does the claimant have any form of kidney disease?  If so, please state:

     a.       Type of disease.

     b.       Date diagnosed.

     c.       Whether you have been treated or are currently being treated for the disease.

     d.       If so, describe the treatment you have or are currently receiving.

     e.       What is the medical prognosis of the disease?

**INTERROGATORY NO. 22:**  Does the claimant have end stage renal failure?  If so, please state:

     a.       When you were diagnosed with end stage renal failure;

     b.       Whether your end stage renal failure was submitted to Medicare for payment, and if so, whether Medicare has, in fact, made payments for medical treatment related to end stage renal failure.

**INTERROGATORY NO. 23:**  Are you willing to supplement your answers to these interrogatories as information subsequently becomes available?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The Defendant, by counsel, pursuant to CR 34, requests the Plaintiff to produce for inspection and copying the following documents at the offices of Kriz, Jenkins, Prewitt & Jones, PSC, P.O. Box 499, Lexington, Kentucky 40588 within 30 days of service of these Requests for Production of Documents.

**REQUEST NO. 1:**  Any photographs taken of the scene or of any object or person involved in the incident alleged in the Complaint.

**REQUEST NO. 2:**  The state and federal income tax returns filed by Plaintiff for the calendar years 2017, 2018, 2019, 2020, and 2021.

**REQUEST NO. 3:**  The medical reports of each and every physician, surgeon or other health care provider who has examined, cared for or treated Plaintiff referred to in Interrogatory No. 9.

**REQUEST NO. 4:**  The records from each and every hospital, clinic, nursing home or other health care facility in which Plaintiff was examined, cared for or treated referred to in Interrogatory No. 10.

If Plaintiff does not have the medical and hospital records referred to in Requests 3 and 4, she may comply with the requests by furnishing the Defendant with an executed medical authorization directed to those physicians and hospitals identified as having provided treatment to her for the injuries received in this accident.  Copies of medical authorizations are attached to this request and should be returned to the Defendant.  The Defendant will also waive production of the original documents requested if copies of these documents are mailed to Defendant's counsel within the period allowed for responding to the requests.

8

**REQUEST NO. 5:**  Copies of all bills which reflect the medical expense incurred by Plaintiff as the result of the injuries which are the subject matter of this lawsuit.

**REQUEST NO. 6:**  The report of each psychiatrist, psychologist, social worker, counselor, or other health care professional referred to in Interrogatory No. 16.

**REQUEST NO. 7:**  A copy of each exhibit you intend to introduce at trial.

**REQUEST NO. 8:**  Any and all statements made by any party or witnesses identified in Interrogatory No. 3.

**REQUEST NO. 9:**  Produce copies of any and all documents, both paper and electronic (including, but not limited to e-mail) sent and/or received to Medicare, Medicaid, CMS, or any other third party that handles liens on behalf of Medicare and/or Medicaid, any health insurance companies or other documents received from any entity identified in Interrogatory No. 8.


Respectfully submitted,

**KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
BB&T Plaza
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, Kentucky 40588
Telephone:  (859) 255-6885
Facsimile:  (859) 253-9709


By:     /s/***Christopher R. Jenkins***
CHRISTOPHER R. JENKINS
KBA NO. 82705
*Counsel for Dunham's Athleisure Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been served by email on the parties on this the 18th day of May, 2022:

lmarley@forthepeople.com
Lauren Marley
Morgan & Morgan, Kentucky PLLC
360 East 8th Avenue, Suite 411
Bowling Green, KY  42101
*COUNSEL FOR PLAINTIFF*

/s/***Christopher R. Jenkins***
CHRISTOPHER R. JENKINS

### Medical Records Authorization Form

Patient's Name:   **SANDRA BOLLENBECKER**

Patient's Date of Birth: _____   Social Security Number _____

I, __Sandra Bollenbecker_____, do hereby authorize the Records Custodian for:

_____

to send/release/disclose my protected health information to the attorneys of:

| **Kriz, Jenkins, Prewitt & Jones, PSC** | | **Liberty Mutual Insurance Company** |
|---|---|---|
| **P.O. Box 499** | **AND/OR** | **P.O. Box 515097** |
| **Lexington, KY  40588** | | **Los Angeles, CA  90051** |
| **Telephone:  (859) 255-6885** | | |

The requested information will be used for the following purposes(s):  **(CHOOSE ONE ONLY)**

_____   (Plaintiff Attorney) Motor Vehicle Accident/Personal Injury/Workers' Compensation
___✓___   (Respondent Attorney) Motor Vehicle Accident/**Personal Injury**/Worker's Comp
_____   Social Security/Disability
_____   Other Medical Facility/Provider for the Patient
_____   Worker's Compensation Case Manager
_____   Other _____

This authorization for release of protected health information applies to the information marked below: **(CHOOSE ONE)**

_____   Any and all records in possession of the healthcare provider referenced above, **EXCLUDING** mental health, HIV and substance abuse records.
___✓___   Any and all records in possession of the healthcare provider referenced above, **INCLUDING** mental health, HIV and substance abuse records.
_____   Records of the above-referenced healthcare provider from specific dates:
          From: _____ To: _____
_____   Records of _____ for a specific date of service:
          Date of Service _____ALL (unless otherwise specified)_____

I understand that I have the right to revoke this authorization, in writing, at any time, by sending such written notification to the healthcare provider referenced above.  Written revocation must be sent via certified mail, return receipt requested.  I also understand that my revocation is not effective to the extent that the persons I have authorized to use/disclose my protected health information have acted in reliance upon this authorization.

I understand that I do not have to sign this authorization and that the above-referenced healthcare provider may not condition treatment or payment on whether I sign this authorization.  I understand that information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected by federal laws and regulations regarding the privacy of my protected health information.

**A copy of this authorization shall be deemed an original for purposes of obtaining records, and this document shall be effective for a period of one (1) year after the date of signing.**

I certify that I have received a copy of this authorization.

_____   Date: _____
Signature of Patient or Personal Representative*

Witness: _____   Date: _____

*If you are the personal representative of the patient, the legal document(s) supporting your authority to act on behalf of the patient must accompany this request.

Form Approved
OMB No. 0960-0566

**Social Security Administration**
**Consent for Release of Information**

TO:   Social Security Administration

**SANDRA BOLLENBECKER**
**Name**                                    **Date of Birth**              **Social Security No.**

I authorize the Social Security Administration to release information or records about me to:

NAME                                        ADDRESS

Christopher R. Jenkins            Kriz, Jenkins, Prewitt & Jones, P.S.C.
                                  200 West Vine Street, Suite 710
                                  P.O. Box 499
                                  Lexington, KY 40588

I want this information released because:   It has been requested by opposing party to litigation.

(There may be a charge for releasing information.)

Please release the following information:

____    Social Security Number
_X_     Identifying information (includes date and place of birth, parents' names)
_X_     Monthly Social Security benefit amount
_X_     Monthly Supplemental Security Income payment amount
____    Information about benefits/payments I received from _____ to _____
____    Information about my Medicare claim/coverage from _____ to _____ (specify)
_X_     Medical records
____    Record(s) from my file (specify)
____    Other (specify)

I am the individual to whom the information/record applies or that person's parent (if a minor) or legal guardian.   I know that if I make any representation that I know is false to obtain information from Social Security records, I could be punished by a fine or imprisonment or both.

Signature: _____
                (Show signatures, names and addresses of two people if signed by mark.)

Date: _____   Relationship: _____

SSA-3288 Internet (12/99)

\#

## <u>EMPLOYMENT RECORDS AUTHORIZATION</u>

I, _____SANDRA BOLLENBECKER_____, do hereby fully authorize all staff members of my employers or former employers to furnish to the law firm of Kriz, Jenkins, Prewitt & Jones, P.S.C., P.O. Box 499, Lexington, Kentucky 40588, copies of any and all information contained in my personnel files, including but not limited to, job responsibilities, job descriptions, attendance records, salary records, medical records, disciplinary records, performance evaluations, and/or all work injuries sustained by me.

A copy of this authorization shall be deemed an original for purposes of obtaining records, and this document shall be effective for a period of one year after the date of signing.

Dated this _____ day of _____, 2022.

_____

SANDRA BOLLENBECKER

Date of Birth: _____

Social Security No. _____

STATE OF KENTUCKY
COUNTY OF _____

The foregoing was acknowledged, subscribed and sworn to before me by SANDRA BOLLENBECKER on this the _____ day of _____, 2022.

_____

NOTARY PUBLIC

My commission expires: _____

**COMMONWEALTH OF KENTUCKY**
**WARREN CIRCUIT COURT**
**DIVISION 1**
**CIVIL ACTION NO. 22-CI-00482**

*Filed electronically*

SANDRA BOLLENBECKER                                                      PLAINTIFF

v.                                    **Notice of Service**

DUNHAM'S ATHLEISURE CORPORATION                          DEFENDANT

*** *** *** ***

Comes the Defendant, Dunham's Athleisure Corporation, by counsel, and does hereby give notice to the Court that it has served Interrogatories and Requests for Production of Documents and a Request for Admission upon the Plaintiff on this the 18th day of May, 2022.

Respectfully submitted,

**KRIZ, JENKINS, PREWITT & JONES, P.S.C.**
200 West Vine Street, Suite 710
P.O. Box 499
Lexington, Kentucky 40588
Telephone:  (859) 255-6885
Facsimile:  (859) 253-9709

By:     /s/ ***Christopher R. Jenkins***
CHRISTOPHER R. JENKINS
KBA NO. 82705
*Counsel for Dunham's Athleisure Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been served on the Clerk of the Court via Courtnet upon the following parties on this the 18th day of May, 2022:

lmarley@forthepeople.com
Lauren Marley
Morgan & Morgan, Kentucky PLLC
360 East 8th Avenue, Suite 411
Bowling Green, KY  42101
*COUNSEL FOR PLAINTIFF*

/s/***Christopher R. Jenkins***
CHRISTOPHER R. JENKINS